Fry, J.
delivered the opinion of the court.—Considering, first, the motion in arrest of judgment; the indictment to which the defendant pleaded, follows the act of assembly on which it is founded, and sufficiently sets forth an offence within the same. The motion is directed against the record of its finding; and the question is, whether that record sufficiently shews that it was found ? We think it does. The party to the indictment, and the subject of it, are expressly found and recorded; nor was it necessary, in describing the indictment, to use the technical terms in which the of-fence is charged. Tefft v. Commonwealth, 8 Leigh 721. Myers v. Commonwealth, 2 Va. Cas. 160.
As to the motion for a new trial, the court below did not err. The evidence, though circumstantial, warranted the finding, in the opinion of the jury and of the judge who presided. It was for the jury, not the court, to weigh the evidence; nor should the latter disturb the verdict unless in a case of clear departure from it. Ben-net’s case, 2 Va. Cas. 238. We cannot say there was any such departure here. Even though a court should think that a different verdict might have been rendered, and, as a juror, might have rendered such, it does not *676 follow that it must grant a new trial.- To do so would r \ n • ~ , , •• transfer the functions of the jury to the judge, giving an appeal to him, in all cases, upon the facts.
We do not think there was any thing in the confession of the defendant which required, of necessity, his acquittal. If it was inconsistent with the supposition of his guilt, there was enough in the other evidence to warrant the jury in disregarding it in part; and this they might do under the position taken by the plaintiff’s counsel, that a confession must be taken to be true in all its parts, unless there be something in the terms of it, or the circumstances attending it, or the other evidence, to discredit it in part. And according to the case of Shadradc Brown,* decided by this court at December term 1838 (3 Rob. Pract. 207.) the jury are to wmigh confessions, like other evidence, and believe or disbelieve them, in whole or in part, as reason may decide ; and if, from opposing evidence, or the confession itself, facts appear which are sufficient to satisfy a rational mind that a part is not true, it ought to be rejected.
As to the rejection of the evidence, we think there was no error in refusing a new trial on that ground. There was no exception to the opinion excluding it. And when asked for a new trial" on account of such evidence, the court is at liberty to consider its value or importance. In this case, we do not think the rejected evidence is of such weight, that a new trial ought to be granted for the purpose of letting it in. Besides, a majority of the court are of opinion that the evidence was not admissible for the purpose for which it was offered; namely, to prove the defendant’s consistency in what he had related. There was no attempt to prove any inconsistency in his relations of the matter. And though we are not prepared to say that the previous declara *677 tions of a party, to the same purport with subsequent - a . a ., . . . , ones proved against him, may not be given in evidence to repel any just inference which might be urged against him from the time only at which the latter were made, we do not perceive that such declarations were necessary or proper for such purpose in this case.
It was said in argument, that a new trial should be granted because it does not appear that the offence was committed within twelve months before the indictment was found. Apparently, this objection is made for the first time here. It does not appear to have been made below, either before the jury or the court. The time laid in the indictment is within the period limited for the prosecution; there is a verdict of guilty; and it does not appear from the evidence, that the time of the act was without the period of limitation. We cannot say, therefore, that there was error. We cannot say that the indictment was not within twelve months from the time of the offence. Doubtless it was shewn to be within the twelve months, and the blank in the bill of exceptions was merely accidental. In a case like the present, we think the party should in some manner have relied on the statute, or claimed the benefit of it.
Judgment affirmed, with costs.

 Reported ante, p. 633.